FILED'09 JUN 02 13:52USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HENRY MANJARRES,                    )
                                    )
            Plaintiff,              )    Civ. No. 07-6323-TC
                                    )
     vs.                            )
                                    )
                                    )
OREGON DEPARTMENT OF                )    ORDER AND OPINION
TRANSPORTATION, An Agency           )
of the State of Oregon,             )
                                    )
            Defendant.              )
_____ )

COFFIN, Magistrate Judge:

     Plaintiff Henry Manjarres ("Manjarres") filed this action against the Oregon Department of Transportation ("ODOT") asserting claims under Title VII for retaliation, discrimination and harassment. ODOT moves for summary judgment on the grounds that claim preclusion bars Manjarres's claims.  Under Fed. R. Civ. P. 73(b), the parties have consented to magistrate judge jurisdiction.  For the reasons set forth below, the court GRANTS ODOT's motion for summary judgment.

*Background*

     Manjarres is Native American and Hispanic.  He has worked for ODOT for approximately twenty-five years.  For the first twelve years of his employment, Manjarres worked as an

Engineering Specialist. Then, Manjarres became a Civil Rights
Specialist in the Office of Civil Rights. He has worked in this
capacity for the past thirteen years. (Doc. 37, Manjarres Decl.
¶¶ 2, 3.)

On October 27, 2007, Manjarres filed suit in Marion County
Circuit Court against ODOT and individual defendants asserting
claims under ORS 695A.030 for, among other things,
discrimination and retaliation. (Doc.19, ex. 1.) In his state
court complaint, Manjarres asserted that his employers
discriminated against him due to his race and national origin.
(*Id.* at \*2.) Specifically, Manjarres asserted that he was passed
over for a position in favor of a less-qualified Caucasian
employee; that ODOT retaliated against him for engaging in
protected conduct; and that he was treated differently than
similarly situated Caucasian employees.(*Id.* at \*2-6.)

Approximately ten days later, on November 7, 2007,
Manjarres filed the above-captioned case. (Doc. 1.) The federal
and state court actions arise out of identical operative facts.
(Doc. 1; Doc. 19, ex. 1.) As in his state court complaint,
Manjarres claimed discrimination based on race and national
origin. (Doc. 1.) The federal claim alleged that Manjarres had
been passed over for promotion in favor of a less qualified
Caucasian employee; scrutinized to a higher degree than
similarly situated Caucasian employees; denied vacation time
when similarly situated Caucasian employees were not; and
retaliated against for his internal complaints. (Doc. 1.)

On April 23, 2009, after a jury trial in which the jury had
found in favor of defendants the state court entered a general

2 Opinion and Order

1  judgment in favor of ODOT and the other individual defendants.

2  (Doc. 54.)   This judgment dismissed all of Manjarres's claims

3  with prejudice and resolved all matters related to Manjarres's

4  lawsuit. (Doc. 54 at *14.)

5                              *Legal Standard*

6       Federal Rule of Civil Procedure 56 allows the granting of

7  summary judgment:

8         if the pleadings, the discovery and disclosure
          materials on file, and any affidavits show that there
9         is no genuine issue as to any material fact and that
          the movant is entitled to judgment as a matter of law.
10
11  Fed. R. Civ. P. 56(c).   There must be no genuine issue of

12  material fact.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

    247-48 (1986).
13
14       The movant has the initial burden of establishing that no

15  genuine issue of material fact exists or that a material fact

16  essential to the nonmovant's claim is missing.   *Celotex Corp. v.*

17  *Catrett*, 477 U.S. 317, 322-24 (1986).   Once the movant has met

18  its burden, the burden shifts to the nonmovant to produce

19  specific evidence to establish a genuine issue of material fact

20  or to establish the existence of all facts material to the

21  claim.   *Id.; see also, Bhan v. NME Hosp., Inc.*, 929 F.2d 1404,

22  1409 (9th Cir. 1991); *Nissan Fire & Marine Ins. Co., Ltd., v.*

23  *Fritz Cos., Inc.*, 210 F.3d 1099, 1105 (9th Cir. 2000).   In order

24  to meet this burden, the nonmovant "may not rely merely on

25  allegations or denials in its own pleading," but must instead

26  "set out specific facts showing a genuine issue of fact for

27  trial."   Fed. R. Civ. P. 56(e).

28       Material facts which preclude entry of summary judgment are

3 Opinion and Order

those which, under applicable substantive law, may affect the outcome of the case. *Anderson*, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id*. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. *Id*.

*Analysis*

1. *Second Claim for Relief: Violation of the Family and Medical Leave Act*

ODOT argues that Manjarres was never denied any vacation or Family and Medical Leave Act ("FMLA") and that Manjarres never suffered any adverse employment action related to his use of vacation or FMLA time. Manjarres represented, both in his response to ODOT's motion for summary judgment and in his response to ODOT's supplemental submission, that he agrees to dismiss this claim. Based on these concessions, the court grants ODOT's motion for summary judgment on this claim.

2. *First Claim for Relief: Violation of Title VII based on Race and National Origin Discrimination and Retaliation and Third Claim for Relief: Violation of 1981 based on "race and color" discrimination*

ODOT argues that the Marion County Circuit Court's adverse judgement bars plaintiff's Title VII and 1981 claims under the doctrine of res judicata, which is also known as claim preclusion. Manjarres disputes that claim preclusion bars his claim, stating that his state court claims were based on Oregon's state statute rather than Title VII and contending that he voluntarily dismissed his state statute discrimination claims

4 Opinion and Order

1    before the state court adjudicated those claims.

2        Claim preclusion prohibits the relitigation of any claims

3    that were raised or could have been raised in a prior action.

4    *Western Radio Servs. Co. Inc. v. Glickman*, 123 F.3d 1189, 1192

5    (9th Cir. 1997)(citations omitted).  The doctrine serves to

6    "relieve parties of the cost and vexation of multiple lawsuits,

7    conserve judicial resources, and by preventing inconsistent

8    decisions, encourage reliance on adjudication." *See Marin v.*

9    *HEW Health Care Financing Agency*, 769 F.2d 590, 594 (9th Cir.

10   1985)(internal quotations omitted).  Under 28 U.S.C. § 1738,

11   federal courts must give state courts judgments the same

12   preclusive effect as federal judgments.   Claim preclusion

13   applies only when there is: (1) an identity of claims; (2) a

14   final judgment on the merits; and (3) identity or privity

15   between the parties.  *Western Radio*, 123 F.3d at 1192 (internal

16   citations omitted).

17       Here, the first requirement for issue preclusion is

18   satisfied. A comparison of Manjarres's state court and federal

19   court complaints reveals that the claims, and the operative

20   facts upon which they are based, are identical. Indeed, the only

21   difference is that Manjarres brought the federal claims under

22   Title VII and 42 U.S.C. § 1981 while he asserts the state claims

23   pursuant to ORS 659A.030. Manjarres' assertion that issue

24   preclusion does not apply because Title VII and ORS 659A.030 are

25   different statutes is not persuasive.  The Title VII claims

26   could have been raised in the state court action.  *Wirkkula v.*

27   *Union Oil Co. of California*, 100 Or. App. 219, 221-22 (Or. App.

28   1990)(stating there is a presumption of concurrent state

5 Opinion and Order

jurisdiction over a federal claim).  Claim preclusion prevents
relitigation of claims that could have been raised in a prior
action.  *Western Radio*, 123 F.3d at 1192.  Moreover, to allow
Manjarres this "second bite at the apple" by allowing him to
litigate his discrimination and retaliation claims a second time
in federal court would waste judicial resources and thwart claim
preclusion's purpose of relieving parties of the cost and
vexation of multiple lawsuits.  *Marin*, 769 F.2d at 594.

Next, ODOT has provided evidence that Manjarres had a full
and fair opportunity to litigate his claims before the state
court entered a judgment on the merits.  Manjarres appears to
contend that there is no state court final judgment on the
merits of his ORS 659A.030 race and national origin disparate
treatment and hostile work environment claims because he
voluntarily dismissed those claims.  The Marion County Circuit
Court General Judgment (doc 19, ex. 1) submitted by ODOT belies
this claim.  The General Judgment states:

> At the conclusion of plaintiff's case;
> (1) plaintiff moved to dismiss his Second Claim, Count
> 1: Race and National Origin Discrimination (Disparate
> Treatment) against the Oregon Department of
> Transportation pursuant to ORS 659A.030 in his First
> Amended Complaint, Second Claim, Count 3: Hostile Work
> Environment Race and National Origin Discrimination
> against the Oregon Department of Transportation
> pursuant to ORS 659A.030(1)(b)....The court granted
> the motions and *dismissed these claims with prejudice.*

(Doc. 19, ex. 1 at *4, lines 4:13, emphasis added.) Manjarres
fails to raise any dispute of material fact concerning the
sufficiency or the finality of the state court proceedings.

Finally, the third element necessary for issue preclusion
is satisfied-the parties in the state court action and the

6 Opinion and Order

parties in the above captioned federal action are identical. *Western Radio*, 123 F.3d at 1192.

ODOT has made a successful *prima facie* showing in support of their position that Manjarres's Title VII and 1981 claims are precluded by the final judgment of the Marion County Circuit Court.

### Conclusion

The order requiring ODOT to show cause filed April 29, 2009 (doc. 53) is discharged.

The court grants ODOT's motion for summary judgment (doc 15)and Manjarres's claims are dismissed with prejudice.

IT IS SO ORDERED.

Dated this __2__ day of June, 2009.


THOMAS COFFIN
United States Magistrate Judge

7 Opinion and Order